IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TERRY S. PHILLIPS *et al*,
    Plaintiffs,

v.                                   Civil Action No. 3:15-cv-544-JAG

UBER TECHNOLOGIES, INC.,
    Defendant.

## OPINION

Uber has moved this Court to transfer this case to the United States District Court for the Southern District of New York ("SDNY"). The incident that led to this suit occurred in the SDNY. The Court has balanced the convenience and justice of the transfer, and finds that the balance tips in favor of transfer. Accordingly, the Court GRANTS Uber's motion to transfer venue and TRANSFERS the case to the Southern District of New York.

## I. BACKGROUND

Uber Technologies, Inc., a company incorporated in Delaware with its principal place of business in California, created and administers an Internet application that connects drivers with passengers. For a fee, an Uber driver picks up a passenger at a designated spot and takes the passenger to his or her selected destination.

Phillips, a citizen of Virginia, and Mroz, a citizen of Texas, used the Uber application to request transportation in New York City, New York. An Uber driver, Allaoua Chatouk, responded to their request and drove them to their destination. At that point, an "argument arose when Chatouk attempted to charge Phillips for both the Uber fare and a taxi fare." ( Pl.'s Mem. Opp. Mot. Transfer Venue, Dk. No. 8 at 4.) When Phillips refused to pay the extra fee, Chatouk

allegedly drove off with Mroz still in the car.  Once Mroz got out of the car, an earth-shattering argument continued.  Phillips and Mroz ducked into a hotel, but when they emerged, Chatouk attacked Phillips with a deadly umbrella.  New York City police officers then arrested Chatouk.

## II.  STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . "  28 U.S.C. § 1404(a).  In deciding whether to transfer venue, "a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum."  *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).  "As part of the second inquiry the court must also consider the plaintiff's choice of venue."  *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 325 (E.D. Va. 2004).  "The party seeking transfer bears the burden of proving that the circumstances of the case are *strongly* in favor of transfer."  *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010) (internal citation & quotation marks omitted) (emphasis in original).  Nonetheless, "the ultimate decision [on whether to transfer a case] is committed to the sound discretion of the district court."  *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 994 (E.D. Va. 2011).

## III.  DISCUSSION

### A. Jurisdiction of the Transferee Forum

Phillips and Mroz could have brought their claim in the transferee forum because the alleged assault, battery, and false imprisonment all occurred in the SDNY.  Generally, venue can lie in "a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred." 28 U.S.C. § 1391(b)(2). The events leading to this lawsuit occurred in New York City, which falls within the SDNY, entitling the plaintiffs to bring suit there.

### B. The Interest of Justice and Convenience of the Parties

The second step of the § 1404(a) venue transfer analysis requires the court to balance four factors: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interests of justice. *See Tr. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.,* 791 F.3d 436, 444 (4th Cir. 2015). The Court addresses each factor in turn.

### 1. Phillips and Mroz's Choice of Venue

The court must give the plaintiff's choice of a home forum substantial weight, but in cases where the events that precipitated the lawsuit did not occur in the home forum, the court gives plaintiff's choice less deference. "The initial choice of forum, from among those possible under the law, is a privilege given to the plaintiff." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007) (quoting *Koh*, 250 F. Supp. 2d at 633). The plaintiff's choice of forum "is typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010).

On the other hand, "even when the plaintiff sues in its home forum, that fact is not by itself controlling and the weight of that factor depends on the nexus tying the case to the forum." *Gebr. Brasseler GmbH & Co. KG v. Abrasive Tech., Inc.*, No. 1:08CV1246, 2009 WL 874513, at *2 (E.D. Va. Mar. 27, 2009). "The level of deference to a plaintiff's forum choice 'varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action.'" *Pragmatus*, 769 F. Supp. 2d at 995 (quoting *Bd. of Trs. v. Baylor Heating & Air*

3

*Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988)).  When none of the "operative events in the lawsuit took place in the district in which the action was originally filed, a motion to transfer to the district in which the events occurred is likely to succeed." *Finmeccanica S.p.A. v. Gen. Motors Corp.*, No. 1:07CV794, 2007 WL 4143074, at *4 (E.D. Va. Nov. 19, 2007) (citing 17 James Wm. Moore, et al., *Moore's Federal Practice* § 111.13(1)(d)(I) n. 23 (3d ed. 2005)).

While Phillips does reside in the Eastern District of Virginia ("EDVA"), the facts that give rise to this lawsuit occurred in the SDNY, so the plaintiff's choice of venue receives some weight, but does not control.  Moreover, the co-plaintiff in this case lives in Texas, and has no connection to Virginia.  Given the transportation centers in New York, that venue is undoubtedly more convenient to Mroz.  Phillips's choice of venue, therefore, does not tip the scale in favor of transfer.  *See JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736-37 (E.D. Va. 2007) (citations omitted).

### 2. Convenience of the Witnesses and Parties

In considering the convenience of the witnesses, "this court considers factors such as the 'ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process.'"  *Lycos*, 499 F. Supp. 2d at 693 (quoting *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 n.13 (E.D. Va. 2005)).  When considering witnesses: "[The EDVA] draws a distinction between party-witnesses and non-party witnesses and affords greater weight to the convenience of non-party witnesses." *Id.* (quoting *Samsung*, 386 F. Supp. 2d at 718).

As to the parties, the balance tips neither for nor against transfer.[1]   Although it is a corporation, Uber will undoubtedly have to transport Chatouk to Virginia to serve as its human face for the trial.  Mroz resides in Texas and would have to travel regardless of whether the case proceeds in the EDVA or in the SDNY.  On the other hand, transferring venue to the SDNY would impose a burden on Phillips, a Virginia resident.  No matter the location, two of the three parties have to travel a great distance for the trial.

In contrast, almost all the non-party witnesses have close ties to New York.  The hotel staff and police officers certainly work in New York and probably live close to there.  Of the non-party witnesses, only Phillips's treating physician resides and works in Virginia.  Treating physicians frequently testify by video recorded deposition, so Phillips will suffer little prejudice if his doctor cannot or (more likely) will not travel to New York.  The convenience of witnesses factor weighs in favor of transfer.  This factor tips more strongly for transfer if Chatouk must take time off to come to Virginia to testify simply as a witness.

### 3. The Interests of Justice

In evaluating the interest of justice, relevant considerations include "the pendency of a related action, the court's familiarity with applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Pragmatus*, 769 F. Supp. 2d at 996.  To the Court's knowledge, no related matters exist, no conditions exist that would indicate the possibility of an unfair trial, nor any possibility of harassment.  The Court analyzes the applicable factors below.

The federal court system has subject-matter jurisdiction over this claim under § 1332 because diversity of citizenship exists and the plaintiffs allege more than $75,000 in controversy.

---

[1] Technically, the convenience of parties is a separate issue from the convenience of party witnesses, *Trustees of the Plumbers and Pipefitters Nat. Pension Fund*, 791 F.3d at 444-445, but in this case the same considerations apply to both issues and the results work out the same way.

28 U.S.C. § 1332. This Court applies the choice of law provisions of Virginia, the forum state. Virginia law dictates that in a tort case the law of the "place of the wrong" governs the substantive law in the litigation. *McMillan v. McMillan*, 219 Va. 1127, 1128, 253 S.E.2d 662, 663 (1979). Here, the underlying facts occurred in New York City, so New York tort law would govern. The SDNY has far more familiarity and experience in adjudicating matters of New York law, and this factor counsels in favor of transfer.

The plaintiffs cite the docket conditions of the EDVA as a factor that indicates that the Court should leave the case in the EDVA. As noted by the EDVA many times over, "[t]his Court cannot stand as a willing repository for cases which have no real nexus to this district." *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000). "The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner." *Id.* "In other words, this Court should not allow itself to be overrun by a horde of Visigoths who simply want quick results." *Intercarrier Communications, LLC v. Glympse, Inc.*, No. 3:12-CV-767, 2013 WL 4083318, at *6 (E.D.Va. Aug. 12, 2013).

The other interests of justice factors also weigh in favor of transfer. Since all of the alleged events that gave rise to this lawsuit took place in New York City, all premises that the parties might need to view are in New York. Further, Uber argues that the Court should transfer the case because this Court does not have personal jurisdiction over Chatouk, whom Uber wants to join as a necessary party. Accordingly, the interest of justice weighs in favor of transferring this case to the SDNY.

## IV. <u>CONCLUSION</u>

Taken as a whole, the factors governing venue tilt in favor of transfer to the SDNY.  For the reasons set forth above, the Court GRANTS the defendant's motion to transfer venue to the SDNY pursuant to 28 U.S.C. § 1404(a).

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: January  13 , 2016
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge